UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MATTHEW JAMES GREATHOUSE,**      **CIVIL ACTION**

**VERSUS**      **NUMBER: 22-1939**

**32nd J.D.C. OF TERREBONNE PARISH**      **SECTION: "I"(5)**

**REPORT AND RECOMMENDATION**

Having granted Plaintiff Matthew James Greathouse's application to proceed *in forma pauperis*, **IT IS FURTHER RECOMMENDED** that this lawsuit be dismissed with prejudice for lack of subject-matter jurisdiction and because the Thirty-Second Judicial District Court of Terrebonne Parish is not a juridical person capable of being sued.

*Pro se* Plaintiff, Matthew James Greathouse, filed the above-captioned matter in this Court in which he sues Defendant for, *inter alia*, failing to find personal jurisdiction over him and failure to serve him with notice of a judicial hearing. Plaintiff grounds jurisdiction under 28 U.S.C. § 1331 through 42 U.S.C. § 1983 and the First, Fourth, and Fourteenth Amendments.

28 U.S.C. § 1915(e)(2)(B) provides for summary dismissal *sua sponte*, should the Court determine that a case is frivolous. Section 1915(e)(2)(B) provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall dismiss** the case at any time if the court determines that –
>
> \* \* \*
>
>     (B) the action or appeal –
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (emphasis added).  In plain language, Section 1915 requires dismissal if the Court is satisfied that the case fails to state a claim on which relief may be granted.

The Court has permitted Plaintiff to proceed *in forma pauperis* in the instant proceeding under the provisions of 28 U.S.C. §1915(a).  There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face.*  On its face, Plaintiff's complaint fails to meet the requirements of the statute.

Greathouse's complaint invokes this Court's jurisdiction under 42 U.S.C. § 1983, the federal statute which provides a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by any person acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." 42 U.S.C. § 1983.  However, Greathouse's Section 1983 claim against the Louisiana Thirty-Second Judicial District Court is improper for two reasons.

First, it is well-settled law that a state court is not a juridical "person" subject to suit under Section 1983.  *Clark v. Clark*, 984 F.2d 272, 273 (8th Cir. 1993); *Moity v. La. State Bar Ass'n*, 414 F. Supp. 180, 182 (E.D. La.), *aff'd*, 537 F.2d 1141 (5th Cir. 1976); *Durden v. Bryson*, Civ. A. No. 5:17-cv-214. 2017 WL 4855437, at *2 (W.D. La. Sept. 26, 2017); *Williams v. Kans. State Dep't of Soc. And Rehabilitation Serv.*, Civ. A. No. 14-CV-01663, 2014 WL 6065613, at *2 (E.D. La. Nov. 14, 2014); *Stewart v. Criminal Dist. Court of La.*, Civ. A. No. 08-3731, 2008 WL 4758610, at *2 (E.D. La. Oct. 30, 2008); *Rackley v. Louisiana*, Civ. A. No. 07-504, 2007 WL 1792524, at *3 (E.D. La. June 21, 2007); *Knight v. Colens*, Civ. A. No. 06-4538, 2006 WL

2849774, at *5 (E.D. La. Oct. 3, 2006); *Harris v. La. State Supreme Court*, 334 F. Supp. 1289, 1300 (E.D. La. 1971).

Even if it were, Greathouse's claim are further barred by the Eleventh Amendment. The United States Fifth Circuit Court of Appeals has noted:

> The Eleventh Amendment bars a state's citizens from filing suit against the state or its agencies in federal courts. When a state agency is the named defendant, the Eleventh Amendment bars suits for both money damages and injunctive relief unless the state has waived its immunity. By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. *See* La. Rev. Stat. Ann. § 13:5106(A).
> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power. We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

*Cozzo v. Tangipahoa Par. Council-President Gov't*, 279 F.3d 273, 280-81 (5th Cir. 2002) (quotation marks and citations omitted). It is clear that the Eleventh Amendment bars Section 1983 claims against a state court. *Jefferson v. La. State Supreme Court*, 46 F. App'x 732 (5th Cir. 2002); *S. Christian Leadership Conference v. Supreme Court of State of La.*, 252 F.3d 781, 783 n.2 (5th Cir. 2001); *Landers Seed Co., Inc. v. Champaign Nat'l Bank*, 15 F.3d 729, 731-32 (7th Cir. 1994); *Clark*, 984 F.2d at 273; *Rackley*, 2007 WL 1792524, at *3. For both of the foregoing reasons, it is clear that the Louisiana Thirty-Second Judicial District Court, the sole defendant in this action, was improperly named. Accordingly,

**IT IS RECOMMENDED** that Plaintiff Matthew James Greathouse's claims against the Thirty-Second Judicial Court of Terrebonne Parish de **DISMISSED WITH PREJUDICE** for lack of subject-matter jurisdiction and because the Thirty-Second Judicial Court of Terrebonne Parish Lacks the capacity to be sued.

**NOTICE OF RIGHT TO OBJECT**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).[1]

New Orleans, Louisiana, this 28th day of June, 2022.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[1] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.